IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01888-NRN

MAHMOUD HOMAYOUN SHAFIEI,

     Petitioner,

v.

JUAN BALTAZAR, Warden,
TODD LYONS, Director of ICE, and
MARKWAYNE MULLIN, US DHS,

     Respondents.

---

## ORDER

---

This case is before the Court on Mahmoud Homayoun Shafiei's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 6. Pursuant to 28 U.S.C. § 636(c), the Parties have consented to this Court's jurisdiction for all purposes. ECF Nos. 16 & 22. For the reasons that follow, the Court **GRANTS** the Petition.

### BACKGROUND

Petitioner is a detainee at the Denver Contract Detention Facility in Aurora, Colorado. ECF No. 6 at 1. Petitioner is a native of Iran who entered the United States on or about September 22, 1969. *Id.* at 8. Petitioner alleges he was arrested on June 22, 2025, and has been detained by ICE since that time. *Id.* at 2. He further alleges his cumulative detention on three separate occasions now exceeds forty months. *Id.* Petitioner contends he cannot be removed to Iran, and no third country is willing to accept him. *Id.* at 9. Petitioner seeks immediate release, arguing that his continued

detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), and his due process rights under the Fifth Amendment of the United States Constitution.

Respondents were ordered to show cause why the Petition should not be granted. On June 22, 2026, Respondents filed a Response. ECF No. 20. In the response, "Respondents maintain that Petitioner's detention is lawful and do not concede that it is unlawful, [b]ut for purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. Respondents note that, should the Court order Petitioner's release, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security. *Id.* at 1–2.

### ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

The detention of noncitizens subject to a removal order is governed by 8 U.S.C. § 1231. Respondents do not dispute that Petitioner is subject to a final order of removal, and Respondents apparently concede that the statutory authority for Petitioner's detention arises from 8 U.S.C. § 1231. ECF No. 20 at 1–2.

When a noncitizen is ordered removed, removal should ordinally be effectuated within a period of 90 days, known as the "removal period." 8 U.S.C. § 1231(a)(1). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A). After the 90-day removal period, ICE has discretion to detain

inadmissible or criminal aliens. *See* 8 U.S.C. § 1231(a)(6). However, detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After that, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Respondents do not dispute that Petitioner's detention under § 1231 exceeds the presumptively reasonable six-month period to effect his removal established by the Supreme Court in *Zadvydas.* Therefore, Petitioner bears the initial burden of showing a "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. The Court finds that Petitioner has met his initial burden because Respondents do not contest Petitioner's assertions that he cannot be removed to Iran and no third country is willing to accept him.

Because Petitioner meets his initial burden, the burden shifts to Respondents to submit evidence sufficient to rebut that showing. *Id.* Respondents have not met their burden.

### CONCLUSION

For the foregoing reasons, the Court finds that Petitioner is being detained in violation of the Fifth Amendment and the Court will grant the Petition and order Petitioner's release from custody pursuant to 28 U.S.C. § 2241(c)(3). Respondents may impose on Petitioner reasonable conditions of release or supervision. Accordingly, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 6, is **GRANTED**.

It is further **ORDERED** that Petitioner shall be released from custody within **24 hours of this Order.**

It is further **ORDERED** that Respondents shall file a status report within **TWO DAYS** of this Order certifying compliance.

Dated: July 1, 2026

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge